UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW THOMAS KEMP,

    Plaintiff,                                              Case No. 16-12250

vs.                                                           HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION & ORDER**
**GRANTING IN PART MOTION FOR ATTORNEY FEES (Dkt. 24)**

This matter is before the Court on Plaintiff's motion for an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and an award of fees under 42 U.S.C. § 406(b) (Dkt. 24). On February 23, 2017, the underlying case was remanded under sentence four by stipulation of the parties (Dkt. 22). A judgment was entered on that same day (Dkt. 23). More than two years later, Plaintiff filed the present motion seeking $10,072.75 in attorney fees under the EAJA and $46,536.25 in attorney fees under 42 U.S.C. § 406(b). The Commissioner filed a response arguing that the request for fees under the EAJA is untimely and that any award under § 406(b) should be reduced. Resp. at 19 (Dkt. 25). No reply brief was filed. For the reasons discussed below, the motion is granted in part.

    **I.**        **APPLICABLE LAW**

There are two statutes under which a plaintiff may recover attorney fees in a Social Security disability case. First, under the EAJA, a plaintiff may recover attorney fees paid by the Government. See 28 U.S.C. § 2412. Second, as part of the judgment in plaintiff's favor, a court

may award a reasonable fee for an attorney's representation paid out of a plaintiff's past-due benefits. See 42 U.S.C. § 406(b). The fee awarded under § 406(b) may not exceed 25% of the total past-due benefits. 42 U.S.C. § 406(b)(1)(A); Lasley v. Comm'r of Soc. Sec., 771 F.3d 308, 309 (6th Cir. 2014). If fees are awarded under both the EAJA and § 406(b), counsel must refund the smaller amount to the plaintiff. Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).

## II. DISCUSSION

### A. EAJA Attorney Fees

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). The statute provides that the prevailing party's motion for attorney fees must be filed "within 30 days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A "final judgment" is defined in the statute as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G).

Judgment in this case was entered on February 23, 2017, which started the sixty-day period for appealing the claim. Shalala v. Schaefer, 509 U.S. 292, 302 (1993). After the sixty-day appeal period expired, Plaintiff's attorney had thirty days to file an application for EAJA fees. Id.; 28 U.S.C. § 2412(d)(1)(B). No application was filed. EAJA fee applications are nonetheless subject to equitable tolling, Townsend v. Comm'r of Soc. Sec., 415 F.3d 578, 583 (6th Cir. 2005); however, Plaintiff's counsel did not raise the timeliness issue in his motion and failed to file a reply brief to address the matter.

Because Plaintiff's motion under the EAJA is untimely and Plaintiff's counsel fails to provide any basis to equitably toll the application period, the motion is denied as to fees under

the EAJA.

### B. Attorney Fees Under 42 U.S.C. § 406(b)

Fees under 42 U.S.C. § 406(b), unlike those under the EAJA, are paid from the claimant's past due benefits. Section 406(b) attorney fees are awarded to a claimant who succeeds on his Social Security appeal, not to exceed 25% of the total past-due benefits to which the claimant is entitled:

> (b) Fees for representation before court
>
> (1) (A) Whenever a court renders a judgment favorable to a claimant under [42 U.S.C. § 401 et seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). The Supreme Court has explained, "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht, 535 U.S. at 807 (footnote omitted).

The Sixth Circuit has explained that a court should use the 25% cap as a benchmark for evaluating the reasonableness of attorney fees, although a 25% attorney fee award is not per se reasonable. Rodriquez v. Bowen, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Courts must look to the executed fee agreement and give deference to the expression of the parties' intentions. Id. There is a "rebuttable presumption that an attorney would receive the full 25% contingency fee under contract unless 1) the attorney engaged in improper conduct or was ineffective, or 2) the

attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." Hayes v. Sec'y of Health & Hum. Servs., 923 F.2d 418, 419 (6th Cir. 1990) (citing Rodriquez, 865 F.2d at 746).

Plaintiff was awarded $186,145 in past-due Social Security disability benefits for August 2012 through October 2018, of which $46,536.25 (25% of the total award) was withheld pending Plaintiff's counsel's request for attorney fees. Notice of Award, Ex. 2 to Mot., at 3 (Dkt. 24-2). Plaintiff's counsel represents that he spent 53.75 hours of work on the matter and requests the full $46,536.25. Id. ¶¶ 8, 14. The fee agreement, see Ex. 3 to Mot. (Dkt. 24-3), allows for attorney fees not exceed the 25% statutory maximum. Thus there is a rebuttable presumption that the requested fee award is reasonable. See Hayes, 923 F.2d at 419.

Although the Commissioner has no direct financial stake in the Court's § 406(b) determination, Gisbrecht, 535 U.S. at 798 n.6, the Commissioner challenges the presumption on the grounds that Plaintiff's attorney did not file a timely motion for fees under the EAJA. Resp. at 10. Because the § 406(b) award exceeds any potential award under the EAJA, the EAJA award would have gone directly to Plaintiff. The Commissioner argues that in order to avoid penalizing Plaintiff for his attorney's failure to file a timely EAJA fee application, the § 406(b) award should be reduced to account for EAJA fees Plaintiff would have received. Id. at 11-12. The argument is sound. A full award under § 406(b) would be unreasonable because Plaintiff's counsel was ineffective with respect to the EAJA fees. See Hayes, 923 F.2d 419 (finding it reasonable to reduce a § 406(b) award because an attorney was ineffective). Therefore, the award will be reduced.

The Commissioner suggests two ways to calculate an appropriate award reduction: (1) accept Plaintiff's counsel's $10,067.75 calculation; or (2) delve into the EAJA fee request and

parse the billing records to determine the reasonability of the fee request. Because Plaintiff's counsel did not file a reply brief addressing the Commissioner's argument, the better course is to accept Plaintiff's counsel's EAJA calculation and use it as the basis for a reduction.

Other than the failure to file the motion for fees under the EAJA, there are no allegations or indications of improper conduct or substandard performance by Plaintiff's counsel. Indeed, Plaintiff's counsel secured a past-due benefits award of approximately $186,000.00 through adjudication before the ALJ and litigation before this Court, and there is no indication that Plaintiff's attorney caused any delay in this matter.

The reduced fee is reasonable. Awarding attorney fees in the amount of $36,468.50 would not result in an undeserved windfall. Nor would awarding $36,468.50 in attorney fees "unduly erode" Plaintiff's past-due benefit award. Royzer v. Sec'y of Health & Hum. Servs., 900 F.2d 981, 982 (6th Cir. 1990).

### III. CONCLUSION

Plaintiff's motion for attorney fees (Dkt. 26) is granted in part. The Commissioner of Social Security is directed to pay Plaintiff's attorney $36,468.50 out of the $46,536.25 withheld and release the remaining $10,067.75 to Plaintiff. The motion is denied in all other respects.

SO ORDERED.

Dated: September 27, 2019                       s/Mark A. Goldsmith
       Detroit, Michigan                         MARK A. GOLDSMITH
                                                   United States District Judge